# EXHIBIT "A"



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/18/2018

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-30519 |
| STEPHANIE MARIE HENRY; fka | § | CHAPTER 13 |
| HENSCHEL | § | |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| STEPHANIE MARIE HENRY | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 18-3154 |
| | § | |
| EDUCATIONAL FINANCIAL SERVICE, A | § | |
| DIVISION OF WELLS FARGO BANK, | § | |
| N.A. | § | |
| | § | |
| Defendant(s). | § | |

## ORDER DENYING MOTION TO COMPEL ARBITRATION
## AND DISMISS COMPLAINT AND CERTIFICATION FOR DIRECT APPEAL
(Docket No. 10)

Before the Court is the motion of Educational Financial Services, a division of Wells Fargo Bank, N.A., ("EFS") to issue a stay of this litigation and compel arbitration. For the reasons set forth below, the Court denies the motion. In recognition of the importance of the issues present in this litigation and the Court's prior ruling in *Crocker v. Navient Solutions, LLC*, Adv. No. 16-3175[1], the Court (i) authorizes an interlocutory appeal of this Order under 28 U.S.C. § 158(a)(3); and (ii) certifies this Order for direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A).

### Background

The relevant facts are not disputed. In November, 2002, Ms. Henry obtained a loan from EFS's predecessor-in-interest, Wachovia Bank. (Defendant's Exhibit 1). The governing loan agreement between the parties contains an arbitration provision which states that "any controversy or claim arising out of or related to this Note, or an alleged breach of this Note, shall

---

[1] The Court previously certified a direct appeal in the *Crocker* adversary proceeding. The Fifth Circuit accepted the direct appeal and it is currently pending under Appeal No. 18-20254.

be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association." (Defendant's Exhibit 1, Page 3).

Ms. Henry filed a chapter 13 bankruptcy case on February 1, 2013. Ms. Henry listed Wells Fargo, the parent company of EFS, as a creditor in her Schedule F (Case No. 13-30519, Docket No. 11). Wells Fargo filed a proof of claim on February 14, 2013 (Case No. 13-30519, Claims Register No. 2).

The Court confirmed Ms. Henry's chapter 13 plan on April 25, 2013 (Case No. 13-30519, Docket No. 36). Ms. Henry subsequently completed all payments required under the confirmed plan and received her discharge on May 17, 2018 (Case No. 13-30519, Docket No. 168). Shortly after the issuance of Ms. Henry's discharge, EFS initiated attempts to collect its outstanding balance on the basis that its debt was excepted from Ms. Henry's discharge.

On June 12, 2018, Ms. Henry filed this adversary proceeding on behalf of herself and a putative class of similarly-situated plaintiffs seeking declaratory and injunctive relief related to the enforcement of the Court's discharge order and the statutory injunction provided by 11 U.S.C. § 524(a) and money damages. On August 10, 2018, EFS filed the instant motion seeking to stay this adversary proceeding and to compel arbitration. As alternative relief, EFS requested the dismissal of the adversary proceeding under Federal Rule of Civil Procedure 12.

On August 15, 2018, the Court scheduled a hearing for September 6, 2018 to consider EFS's motion. During the September 6 hearing, EFS announced that it did not intend to proceed with the motion to dismiss and the Court abated the Rule 12 portion of the motion by agreement pending a further request from the parties. For purposes of clarity, the Court makes no ruling on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

### Jurisdiction and Authority

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a). Further, the Court has jurisdiction to interpret and enforce its own orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). This adversary proceeding is a core proceeding arising under Title 11 pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (I) and (O). The Court has constitutional authority to enter a final judgment in this adversary proceeding under the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011).

### Analysis

At the core of the parties' dispute are the questions of whether (i) the claims asserted in this adversary proceeding are subject to the arbitration provision in the underlying loan agreement between the parties; and (ii) the Court must compel arbitration of those claims.

The Federal Arbitration Act provides that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such

arbitration has been had in accordance with the terms of the agreement ..." 9 U.S.C. § 3. The Supreme Court has held that

> [t]he Arbitration Act, standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims. Like any statutory directive, the Arbitration Act's mandate may be overridden by a contrary congressional command. The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue. If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent "will be deducible from [the statute's] text or legislative history" or from an inherent conflict between arbitration and the statute's underlying purposes.

*Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (internal citations omitted)).

In bankruptcy proceedings, whether a claim is referable to arbitration depends upon "the underlying nature of the proceeding," meaning "whether the proceeding derives exclusively from the provisions of the Bankruptcy Code, and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code." *In re National Gypsum Co.*, 118 F.3d. 1056, 1067 (5th Cir. 1997). In interpreting *National Gypsum*, the Fifth Circuit stated that

> "'[a]t least where the cause of action at issue is not derivative from the debtor's pre-petition legal or equitable rights but rather is derived entirely from federal rights conferred by the Bankruptcy Code,' a bankruptcy court retains 'significant discretion' to refuse to stay the adversary proceeding and compel arbitration. Such discretion permits the bankruptcy court to assess whether arbitration would be consistent with the purpose of the Code, 'including the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders.'"

*In re Gandy*, 299 F.3d. 489, 495 (5th Cir. 2002) (citing *In re National Gypsum Co.*, 118 F.3d. 1056, 1069 (5th Cir. 1997) (internal citations omitted)).

In the instant case, Ms. Henry seeks (i) a declaratory judgment that her obligation to EFS has been discharged; (ii) an injunction from further collection attempts; (iii) a finding of contempt of this Court's prior discharge order; and (iv) the award of monetary compensation. EFS asserts that these claims, if they exist, arise under the loan agreement between the parties and must therefore be referred to arbitration. EFS categorizes Ms. Henry's claims as purely statutory claims. The Court disagrees with EFS's characterization. At issue in this case is EFS's compliance with the Court's discharge order <u>and</u> the statutory injunction provided by 11 U.S.C. § 524. EFS's obligation to comply with the Court's discharge order and the statutory injunction provided under 11 U.S.C. § 524 is not, and cannot be, part of a contractual negotiation between private parties.

3 / 5

EFS further asserts that the Supreme Court's recent decision in *Epic Sys. Corp. v. Lewis*[2] effectively overrules the Fifth Circuit's holding in *National Gypsum*. The Court is unpersuaded by EFS's argument. As set forth above, Ms. Henry's claims do not arise out of an arbitrable contract between the parties. Rather, the issue is one of compliance with a court order. Moreover, there are not two federal statutes in conflict that require reconciliation. Finally, the Supreme Court gave no indication in *Epic* that it intended its decision to reach Title 11. The Court finds *Epic* to be inapplicable to the instant case.

EFS asserts that Ms. Henry agreed to arbitrate the claims asserted in this adversary proceeding using a convoluted "but for" analysis. EFS posits that if the underlying loan agreement did not exist, the claims in this adversary proceeding could not exist. EFS goes on to conclude that such a result must mean the claims in this adversary proceeding are covered by the arbitration provision. Again, EFS misconstrues the nature of the claims presented in this adversary proceeding. The enforcement of Ms. Henry's discharge is not in any way derivative of her pre-petition contractual relationship with EFS. Rather, the claims asserted by Ms. Henry relate to EFS's post-discharge conduct.

In an effort to bolster its position, EFS posits that arbitration of an alleged discharge violation would not be inconsistent with the Bankruptcy Code. The Court disagrees. For this Court to delegate the enforcement of its order to a non-judicial entity runs counter not only to the Bankruptcy Code but to the very oath administered to every federal judge prior to taking office. 28 U.S.C. § 453. To issue an order in furtherance of the administration of justice is to undertake an obligation to enforce that order. Moreover, no genuine dispute exists that federal jurisprudence vests the power to enforce an injunction in the issuing court through contempt proceedings. *See McCall-Bey v. Franzen*, 777 F.2d. 1178, 1183 (7th Cir. 1985); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985); *Suntex Dairy v. Bergland*, 591 F.2d. 1063, 1068 (5th Cir. 1979). EFS's arguments have no merit.

For the reasons set forth above, the Court DENIES the motion to issue a stay of this litigation and compel arbitration.

### Certification for Direct Appeal

During the September 6 hearing, the Court *sua sponte* raised the issue of whether the Court's ruling was appropriate for a direct appeal pursuant to 28 U.S.C. § 158. The Court scheduled a hearing for September 27, 2018 to consider arguments. The hearing was subsequently cancelled as EFS indicated a preference to directly appeal this Order to the Fifth Circuit Court of Appeals due, in part, the pending appeal in Case No. 18-20254 (a direct appeal from this Court's order in *Crocker v. Navient Solutions, LLC*, Adv. No. 16-3175). In recognition of the importance of the matters that are the subject of this proceeding and the related issues in Appeal No. 18-20254, the Court (i) authorizes an interlocutory appeal of this order under 28 U.S.C. § 158(a)(3); and (ii) certifies this order for direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)(i) and (iii).

---

[2] 138 S.Ct. 1612 (2018).

**SIGNED: October 17, 2018.**

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎**DAVID R. JONES**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎**UNITED STATES BANKRUPTCY JUDGE**