## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 13 |
| STEPHANIE HENRY, | § § | Case No. 13-30519 (DRJ) |
| Debtor. | § § § | |
| | § | |
| STEPHANIE HENRY, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Adv. Pro. No. 18-03154 (DRJ) |
| v. | § § § | |
| EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A, | § § § § | **NATIONWIDE CLASS ACTION** |
| Defendant. | § § § | |

## MEMORANDUM IN OPPOSITION TO MOTION FOR A STAY PENDING APPEAL BY DEFENDANT EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A.

Plaintiff, Stephanie Henry ("Plaintiff" or "Henry"),[1] respectfully submits this memorandum in opposition to the Motion for A Stay Pending Appeal (R. Doc. 58) filed by Defendant Educational Financial Services, a division of Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo").

---

[1] Plaintiff appears both individually and on behalf of all similarly situated individuals who have filed for bankruptcy in the various district courts of the United States and were issued discharge orders since October 17, 2005, who: (1) before filing for bankruptcy, obtained private Consumer Education Loans from Defendant or its predecessors in interest that were not made under any program funded by a non-profit institution to cover expenses at ineligible institutions as that term is defined in 11 U.S.C. § 523(a)(8)(B) and 26 U.S.C. § 221(d); (2) have never reaffirmed any pre-petition private Consumer Education Loan; and (3) have nonetheless been subjected to Defendant's policy of attempting to induce payment and/or Defendant's successful inducement of payment on these discharged Consumer Education Loans ("Putative Class Members").

1

1437153v.1

## I.   INTRODUCTION

Wells Fargo, along with its predecessors and affiliated companies, have engaged in a decade-long scheme to defraud student debtors and subvert the orderly working of the bankruptcy courts. In particular, Defendant has been providing dischargeable consumer loans to students and misrepresenting them as non-dischargeable student loans, in order to discourage debtors from exercising their constitutional right to relief under Title 11 of the United States Code (the "Bankruptcy Code") and to permit Defendant and its affiliates to collect on debts that were discharged by way of discharge orders entered by the bankruptcy court and 11 U.S.C. § 524 ("Section 524"). Defendant is appropriating a legal presumption for a class of debt that it knows is not entitled to such a presumption, thereby using the bankruptcy courts' authority to cloak their fraud in the color of law and evade exposure. This case is about stopping that wrongful collection that Defendant continues at present and, eventually, obtaining redress for the affected debtors.

Defendant's Motion for A Stay Pending Appeal is yet the latest tactic employed by Wells Fargo to further delay halting its collection efforts on debts that have been discharged. Tellingly, Defendant did not move for a stay until nearly five months after this Court's certification for direct appeal of the denial of Defendant's Motion to Stay and to Compel Arbitration—prompted to do so by Plaintiff propounding her first set of discovery requests on Defendant. The identified purpose of those requests, which Defendant has acknowledged, is to support a contemplated motion to obtain preliminary injunctive relief for the Putative Class Members during the pendency of this proceeding, relief Defendant seems unwilling to provide absent a court order. Accordingly, Defendant's motion serves no purpose other than to prolong its own violations of Section 524.

Defendant's motion lacks merit and should be denied. First, Defendant has not shown a likelihood of success on the merits of its appeal as this Court has already rejected Defendant's argument in support of arbitration, the issue presently on appeal, and Defendant has not presented

2

any new and/or persuasive arguments. Second, Defendant has not shown that it will suffer irreparable harm without a stay because the alleged harm—responding to Plaintiff's discovery requests—is not "irreparable harm," and is only facing Defendant due to its own unwillingness to compromise. Third, the Putative Class Members will suffer if the stay is granted because they will be unable to obtain protection from Defendant's continuing violations of Section 524 and may be induced to continue to make payments on discharged debts. Lastly, the public interest in the "fresh start" afforded to debtors post-bankruptcy and speedy resolution of disputes weighs in favor of denying a stay in this adversary proceeding.

## II.    FACTUAL BACKGROUND

Stephanie Henry obtained a private educational loan from Defendant's predecessor, Wachovia, to cover the cost of the Ultrasound Diagnostic School, an unaccredited, or Non-Title IV, technical school in Houston, Texas (the "Loan").[2]

On February 1, 2013, Henry filed for relief under the Bankruptcy Code as a Chapter 13 debtor in this Court.[3] She properly listed the Loan on her schedules.[4] Wells Fargo did not bring an action to determine the dischargeability of the Loan, either in this Court or in arbitration, instead filing a claim in Henry's bankruptcy case.[5] Accordingly, during the pendency of Henry's bankruptcy, Wells Fargo received payments through Henry's Chapter 13 confirmed plan.[6]

On May 17, 2018, Henry completed her plan and this Court entered a discharge order, automatically discharging all properly scheduled pre-petition debts that are not exempt from discharge under 11 U.S.C. § 523 of the Bankruptcy Code ("Section 523").[7] Because Henry's Loan

---

[2] See Plaintiff's Complaint, R. Doc. 1 at ¶ 19.
[3] Id. at ¶ 23.
[4] Id. at ¶ 24.
[5] Id. at ¶ 25.
[6] Id. at ¶ 26.
[7] Id. at ¶ 27.

1437153v.1

is a private loan without nonprofit funding or a government guarantee, is not an "obligation to repay funds received as an educational benefit, scholarship, or stipend," and is not a qualified educational loan, her Loan is not exempt from discharge under Section 523(a)(8) and was automatically discharged by operation of law through Section 524.

Following Henry's discharge, Wells Fargo took no action to update Henry's credit report and sent both Henry and her attorney a letter that Wells Fargo itself described as "an attempt to collect a debt."[8] As with Henry, Wells Fargo has sought to collect on discharged loans from the Putative Class Members, all of whom borrowed various types of consumer educational loans to attend unaccredited colleges, secondary schools, trade schools, and professional skills programs, and have since been issued discharge orders from various bankruptcy courts.[9] Additionally, Wells Fargo has not removed the discharged loans from the Putative Class Members' credit reports.

## III.    PROCEDURAL HISTORY

Accordingly, on June 12, 2018, Henry filed this action, on behalf of herself and a class of similarly situated debtors who have obtained discharges, seeking a declaration that her Loan and the loans of such similarly situated debtors are discharged, and that Wells Fargo's acts of attempting to collect on those loans are violations of Section 524.[10]

On August 10, 2018, Defendant filed its Motion to Stay and to Compel Arbitration and, Alternatively, to Dismiss Complaint,[11] and Plaintiff opposed that motion on August 30, 2018.[12] This Court held oral argument on September 6, 2018 and denied Defendant's Motion to Stay and

---

[8] *Id.* at ¶¶ 28, 29, 37, 70.
[9] Henry only asserts claims on behalf of a putative class of debtors who attended non-Title IV accredited schools and programs, thus by definition individuals whose loans were not "qualified education loans" and do not qualify for the discharge exception contained in Section 523(a)(8)(B).
[10] *See* Plaintiff's Complaint, R. Doc. 1.
[11] *See* Defendant's Motion to Stay and to Compel Arbitration and, Alternatively, to Dismiss Complaint, R. Doc. 10.
[12] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss, R. Doc. 21.

to Compel Arbitration and abated Defendant's Motion to Dismiss.[13] The Court subsequently issued its Order memorializing the same and certified it for direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A) on December 4, 2018.[14] Defendant did not move to stay the proceedings in this Court thereafter.

The Fifth Circuit accepted the appeal on December 12, 2018.[15] Defendant filed its Appellant's Brief on March 6, 2019 and Henry filed her Appellee's Brief on April 5, 2019.

Recognizing that the appeal could be pending in the Fifth Circuit for a substantial duration, Henry decided it was prudent to seek interim relief for the putative class—whose members are still subject to Wells Fargo's collection efforts. Accordingly, Henry determined that a motion for preliminary injunction and limited class certification was appropriate and, on April 9, 2019, Henry served her first set of discovery requests on Defendant in furtherance of this contemplated motion.

On April 26, 2019, Defendant filed its Reply Brief in the Fifth Circuit.

On May 1, 2019, over three weeks after Plaintiff's service of her discovery requests, and without ever attempting to respond to those requests, Defendant moved for protection from discovery.[16] That same day and nearly five months after this Court's certification for direct appeal, Defendant moved to stay the proceedings in this Court pending appeal, having never so moved previously.[17]

On May 10, 2019, Plaintiff emailed a letter to Defendant that explained Plaintiff's motive for serving discovery and proposed multiple compromises that would obviate the alleged burden of responding to Plaintiff's discovery request.[18] Specifically, the letter proposed:

---

[13] Courtroom Minutes, R. Doc. 32.
[14] *See* Order Denying Motion to Compel, R. Doc. 41.
[15] *Stephanie Marie Henry v. Educational Financial Service, A Division of Wells Fargo Bank, N.A.*, Case No. 18-20809 (5th Cir. 2018).
[16] Defendant's Motion for Protection from Discovery, R. Doc. 57.
[17] Defendant's Motion for A Stay Pending Appeal, R. Doc. 58.
[18] *See* May 10, 2019 Letter from Lynn Swanson (attached as Exhibit "A").

1437153v.1

(1) The Parties consent to and enter an agreed order regarding the voluntary temporary suspension of collection efforts on the Putative Class Members during the pendency of this action, similar in form to that which was entered in *Evan Brian Crocker, et al. v. Navient Solutions, LLC*, Adv. Pro. No. 16-03175 (DRJ) (Bankr. S.D. Tex. Apr. 11, 2017), ECF No. 122; Plaintiff withdraws the discovery requests and consents to a stay of the proceedings pending appeal (except with regard to enforcement of the agreed order); and Defendant withdraws its pending motions.

(2) Alternatively, the Parties proceed with Defendant's Motion for A Stay, but Plaintiff withdraws the discovery requests in exchange for Defendant stipulating to certain facts in support of Plaintiff's contemplated motion for preliminary injunction and limited class certification. If stipulations are not possible, Defendant consents to responding to discovery more limited in scope to the issues surrounding Plaintiff's contemplated motion.[19]

On May 16, 2019, this Court granted in part Defendant's Motion for Protection from Discovery,[20] before Plaintiff had the opportunity to file an opposition to that motion. Specifically, the Court quashed the discovery requests pending the entry of a scheduling order.[21]

On May 20, 2019, in anticipation of Defendant's response to Plaintiff's May 10, 2019 letter proposal, the Parties stipulated to extending Plaintiff's deadline to oppose the pending Motion for A Stay Pending Appeal to May 29, 2019.[22]

On May 23, 2019, Defendant declined the proposals set forth in Plaintiff's May 10, 2019 letter.[23] Accordingly, Plaintiff submits this opposition.

## IV.    LEGAL ANALYSIS

### A.  The decision to grant a stay pending appeal is committed to the sound discretion of this Court.

"An appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the [bankruptcy] court[,]" therefore there is no automatic stay pending appeal.

---

[19] *Id.*
[20] *See* Order Granting Motion for Protection from Discovery, R. Doc. 59.
[21] *Id.*
[22] Stipulation to Extension of Deadlines, R. Doc. 62.
[23] *See* May 23, 2019 Email from Thomas Connop (attached as Exhibit "B").

*Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011). Rather, the decision to grant

or deny a stay pending appeal rests in the discretion of this Court. *In re First S. Sav. Ass'n*, 820

F.2d 700, 709 (5th Cir. 1987). To determine whether a stay pending appeal is warranted, a court

considers four factors:

> (i)  Whether the movant has made a showing that there is a likelihood of success
> on the merits;
> (ii) Whether the movant has made a showing of irreparable injury if the stay is not
> granted;
> (iii)Whether the granting of the stay would substantially harm the other parties;
> (iv)Whether the granting of the stay would serve the public interest.

*Faulkner v. Kornman*, No. 10-301, 2012 WL 293230, at *6-7 (Bankr. S.D. Tex. Jan. 30, 2012)

(citing *First South*, 820 F.2d at 704). All four factors weigh in favor of denying Defendant's motion

for a stay pending appeal.

### B.  Defendant has not shown a likelihood of success on the merits.

"With regards to the likelihood of success requirement for a stay pending appeal, ordinarily

a stay cannot be granted 'unless the movant has shown that success on appeal is probable.'" *Zehr*

*v. Osherow*, No. 18-355, 2019 WL 266973, at *2 (W.D. Tex. Jan. 17, 2019) (quoting *Ruiz v.*

*Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("*Ruiz I*")). "However, the movant need not always

show a probability of success on the merits; instead, the movant need only present a substantial

case on the merits when a serious legal question is involved and show that the balance of equities

weighs heavily in favor of granting the stay." *Id.* (internal quotation marks and citations omitted).

"Likelihood of success remains a prerequisite in the usual case even if it is not an invariable

requirement." *Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982) ("*Ruiz II*"). "Only 'if the balance

of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor'

will we issue a stay in its absence, and, even then, the issue must be one with patent substantial

merit." *Id.* (quoting *Ruiz I*, 650 F.2d at 565-66).

7

As discussed, *infra*, the other three factors weigh in favor of denying Defendant's Motion for A Stay. Consequently, Defendant "must make a strong showing that [it] is likely to succeed on the merits of [its] motion to compel arbitration." *Peru v. Unisert Multiwall Sys., Inc.*, No. 14-773, 2014 WL 7338863, at *2 (S.D. Tex. Dec. 22, 2014). Because this "Court denied [Defendant's] Motion [to Stay and] to Compel Arbitration" and Defendant "has not offered any new or persuasive arguments in support of its position, th[is] Court [should] find[] that this factor counsels against a stay." *Id.*

Defendant has little chance of winning its appeal. This Court's decision to deny Defendant's Motion to Stay and to Compel Arbitration is perfectly in line with the binding precedent from the Supreme Court in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987), and from the Fifth Circuit's decisions in *In re National Gypsum Co.*, 118 F.3d 1056, 1064 (5th Cir. 1997), and *In re Gandy*, 299 F.3d 489, 495 (5th Cir. 2002).

Under that precedent, a bankruptcy court has discretion to deny arbitration where (1) a "proceeding derives exclusively from the provisions of the Bankruptcy Code," and (2) "if so, … arbitration of the proceeding would conflict with the purposes of the Code." *Nat'l Gypsum*, 118 F.3d at 1067. The Supreme Court in *McMahon* articulated an analytical framework, which still remains binding precedent, that in determining whether a statute pursuant to which a particular claim is made overrides the policy favoring enforcement of arbitration agreements, a court may look to three sources: statutory text, legislative history, and "an inherent conflict between arbitration and the statute's underlying purpose." 482 U.S. at 226-27. This Court's holding applied *McMahon*'s analytical framework and reached the conclusions dictated by *National Gypsum* and reaffirmed in *Gandy*.

1437153v.1

The only other Circuit to address whether a claim arising under Section 524 of the Bankruptcy Code conflicts with arbitration—the Second Circuit in *In re Anderson*, 884 F.3d 382 (2d Cir. 2018)—reached the same result as this Court, consistent with *National Gypsum*. Therefore, both this Circuit and the Second Circuit have held that claims arising under Section 524 are not arbitrable under *McMahon*, and no Circuit has held to the contrary. Defendant is unlikely to succeed on the merits.

The Supreme Court's recent decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), does not alter this conclusion—it does not overrule or curtail the analytical framework from *McMahon*, or counsel that a different result should have occurred in *National Gypsum*, *Gandy*, *Anderson*, or here. *Epic Systems* reaffirmed *McMahon*'s vitality, itself engaging in an analysis of the purpose of the statute at issue before it, the NLRA. That *Epic Systems* ultimately found that the NLRA does not conflict with arbitration is not determinative of the issue herein: whether Section 524 of the Bankruptcy Code presents such a conflict. In fact, post-*Epic Systems* decisions examining the arbitrability of claims arising under Section 524—which expressly acknowledge the analysis in *Epic Systems*—have held that such a conflict does exist. *See In re Belton*, No. 15-1934, 2019 WL 1017293 (S.D.N.Y. March 4, 2019); *see also In re Roth*, 594 B.R. 672 (Bankr. S.D. Ind. 2018); *In re Homaidan*, 587 B.R. 428 (Bankr. E.D.N.Y. 2018); *In re Golden*, 587 B.R. 414 (Bankr. E.D.N.Y. 2018).

Consequently, this factor weighs against granting Defendant's Motion for A Stay Pending Appeal.

**C.  Defendant has not shown that it will suffer irreparable harm without a stay.**

Defendant has not shown that it will suffer irreparable harm without a stay because the alleged harm is not "irreparable harm," and is only facing Defendant due to its own unwillingness to compromise.

"Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v Standard Oil Co. of California*, 449 U.S. 232, 244 (1989) (citing *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)). The "expense and annoyance of litigation 'is part of the social burden of living under government.'" *F.T.C.*, 449 U.S. at 244 (citing *Petroleum Exploration, Inc. v. Public Service Comm'n.*, 304 U.S. 209, 222 (1938)). Accordingly, the Fifth Circuit has rejected "the idea that arbitration ensures substantial speed and cost savings," such that one party having "to incur the time and expense of litigation" and "los[ing] the benefit of arbitration" are "considerations [that] alone do not constitute irreparable injury." *Weingarten*, 661 F.3d at 913. Therefore, even if the Motion for Protection from Discovery was still pending, Defendant has not alleged irreparable harm.

Finally, the alleged "irreparable harm"—*i.e.*, the time and expense of responding to discovery—is a product of Defendant's own unwillingness to compromise that could have been avoided. Hence, to the extent participation in discovery could be considered "irreparable harm" in some circumstances, *see Weingarten*, 661 F.3d at 913 n.19, it should not be so considered here— where Defendant was presented with alternatives to proceeding with discovery and refused.

Consequently, Defendant has not shown "irreparable harm" and this factor weighs against granting a stay.

**D.  The granting of the stay would substantially harm the Putative Class Members.**

Defendant's argument that other parties in this action will not suffer any harm must also fail. Defendant's argument fails to acknowledge that Plaintiff brought this action on behalf of similarly situated former debtors—all of whom will suffer tremendously during the pendency of this appeal should they be unable to obtain injunctive relief. On the other hand, if the stay is denied, and Plaintiff moves forward with her anticipated motion for preliminary injunction and is successful, the Putative Class Members will be protected from Defendant's continuing violations of Section 524. Plaintiff should be permitted to press forward with her case on her own behalf and on behalf of the Putative Class Members whose interests she represents.

Defendant's argument that a stay "will preserve the status quo" ignores that the "status quo" refers to Wells Fargo continuing to receive payments that this Court has determined it is not entitled to,[24] while Putative Class Members continue to be induced to make payments on discharged debts. For Putative Class Members, former debtors, making such payments represents a substantial harm, as it frustrates the "fresh start" to which debtors are afforded post-bankruptcy.

**E.  Defendant has not shown that a stay will serve the public interest.**

The public interest factor requires the court to look beyond the immediate interests of the named litigants and to consider the public interest in the dispute. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 626 (5th Cir. 1985) (court applied test in the context of determining whether to issue preliminary injunction), *see also Prudential Mortg. Capital Co. v. Faidi*, 444 F. App'x 732, 737 (5th Cir. 2011) (noting that, in deciding whether to grant or deny a motion for stay pending appeal, a court is to apply the test ordinarily used to evaluate motions for preliminary injunctions).

---

[24] *See In re Crocker*, 585 B.R. 830 (Bankr. S.D. Tex. 2018).

1437153v.1

No third parties will be harmed if the stay is denied and Defendant proceeds with litigating this dispute. Rather, if the stay is denied, and Plaintiff moves forward with her motion for preliminary injunction and is successful, a wide range of former debtors will be protected from Defendant's continuing violations of Section 524. Such violations threaten the "fresh start" afforded to debtors post-bankruptcy. Likewise, if Plaintiff is permitted to move for a preliminary injunction and succeeds, there may also be a benefit to creditors of former debtors with non-dischargeable debts, who may be at a disadvantage in collecting as a consequence of Defendant's unfair and unlawful collection efforts. In addition, the federal government is harmed daily by Defendant's conduct.  Many debtors in the putative class owe both non-dischargeable federal loans and dischargeable private loans from Defendant. These debtors have limited resources, and every payment made to Defendant on discharged debt leaves less money available to repay their non-dischargeable federal loans. Surely, Defendant's interests in avoiding litigation costs and expenses and continuing to collect on discharged debt during the pendency of this action should not come at the expense of the federal student loan trust fund (and the taxpayers who subsidize those loans).

Moreover, Defendant's argument that the "[p]ublic interest is always served by promoting arbitration" is insufficient and inapplicable under these circumstances.[25] "The FAA's 'liberal federal policy favoring arbitration,' . . . and its promotion of judicial economy are not to be contested." *Grant v. Houser*, 799 F. Supp. 2d 673, 680 (E.D. La. 2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, "[i]f this policy were sufficient to warrant a stay, a stay pending interlocutory appeal of a denial of a motion to compel arbitration would be reflexive" and "the Fifth Circuit has made clear that such stays are not

---

[25] Defendant's Motion for A Stay Pending Appeal, R. Doc. 58 at 19.

automatic[.]" *Peru v. Unisert Multiwall Sys., Inc.*, No. 14-773, 2014 WL 7338863, at *4 (S.D. Tex. Dec. 22, 2014).

"[T]he FAA's policy favoring arbitration is not furthered when two parties have not agreed to arbitrate their claims or when the claims of the underlying dispute are not within the purview of the arbitration agreement." *Grant v. Houser*, 799 F. Supp. 2d 673, 680. This Court has already determined that Plaintiff's claims—which concern the dischargeability of debt under the Bankruptcy Code—are not subject to the arbitration provision contained in Henry's Promissory Note. The Fifth Circuit has held the same in *National Gypsum* and *Gandy*. And certainly, the Putative Class Members' claims against Wells Fargo for violations of Section 524 are not subject to the arbitration provision in Henry's Promissory Note. Yet if this Court were to grant a stay at this juncture, Plaintiff and the putative class would be barred from seeking a preliminary injunction to provide relief from Wells Fargo's continued collection efforts and collections during the appeal's potentially prolonged pendency—a time period that could exceed a year.[26]

This Court should conclude that "Defendant[] ha[s] not persuaded this Court that the FAA's public interest in arbitration outweighs the competing public interest in the expedient resolution of judicial controversies such that a stay of all proceedings is warranted" at this time. *Grant*, 799 F. Supp. 2d at 680. "Where a case does not raise 'a difficult question' on appeal, and where the stay applicant has not demonstrated a likelihood of success on the merits, the Fifth Circuit has found that the public interest in speedy resolution of disputes outweighs the public policy of preserving judicial resources from the risk of reversal." *Peru*, 2014 WL 7338863, at *4 (quoting *Weingarten*, 661 F.3d at 913).

---

[26] For example, this Court's decision in *Evan Brian Crocker, et al. v. Navient Solutions, LLC, et al.*, Adv. Pro. No. 16-03175 (DRJ) (Bankr. S.D. Tex. Mar. 26, 2018), ECF No. 211, is still pending on appeal as of the filing of this opposition, over one year and two months after the Court entered its order on March 26, 2018.

13

## V.   <u>CONCLUSION</u>

Defendant's motion to stay this action pending appeal should be denied, because a stay represents an extraordinary remedy that Defendant has not shown it is entitled to. Rather, the factors that this Court must consider in determining whether to grant a stay all weigh in favor of allowing this adversary proceeding to continue during the pendency of the appeal. Accordingly, the motion should be denied in its entirety.

Dated: May 29, 2019                    Respectfully submitted,


By:      */s/Adam Corral*_____

Adam Corral
SBN (TX) 24080404
Corral Tran Singh, LLP
1010 Lamar St., Ste., 1160
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
Adam.corral@ctsattorneys.com

Jason W. Burge (*pro hac vice*)
SBN (LA) 30420
Kathryn J. Johnson (*pro hac vice*)
SBN (LA) 36513
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
(504) 586-5252
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

Austin Smith (*pro hac vice*)
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

14

1437153v.1

Lynn E. Swanson (*pro hac vice*)
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500
Lswanson@jonesswanson.com

Joshua B. Kons (*pro hac vice*)
SBN (IL) 6304853
LAW OFFICE OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
(312) 757-2272
joshuakons@konslaw.com

George F. Carpinello
SBN (NY) 1652684
Adam R. Shaw
SBN (NY) 2587467
Robert C. Tietjen
SBN (NY) 4113700
BOIES SCHILLER FLEXNER LLP
30 South Pearl St., 11th Floor
Albany, NY 12207
(518) 434-0600
gcarpinello@BSFLLP.com
adamshaw@BSFLLP.com
rtietjen@BSFLLP.com

*Counsel to Stephanie Henry*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of May, 2019, a true and correct copy of *Plaintiff's Opposition to Motion for A Stay Pending Appeal* was served via that Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

/s/ *Adam Corral*_____

Adam Corral

1437153v.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 13 |
| | § | |
| STEPHANIE HENRY, | § | Case No. 13-30519 (DRJ) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| STEPHANIE HENRY, on behalf of herself | § | |
| and all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | Adv. Pro. No. 18-03154 (DRJ) |
| | § | |
| v. | § | |
| | § | |
| EDUCATIONAL FINANCIAL SERVICES, | § | **NATIONWIDE CLASS ACTION** |
| A DIVISION OF WELLS FARGO BANK, | § | |
| N.A, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR A**
**STAY PENDING APPEAL BY DEFENDANT EDUCATIONAL**
**FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A.**

Upon consideration of the Motion for A Stay Pending Appeal (the "Motion") filed by

Educational Financial Services, a division of Wells Fargo Bank, N.A. ("Defendant") for entry of

an order staying this adversary proceeding pending the outcome of Defendant's appeal; and upon

consideration of the Plaintiff's Opposition to Motion for A Stay Pending Appeal (the

"Opposition"); and the Court having jurisdiction to consider the Motion and the Opposition

pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b); and due and proper notice of the Motion

having been provided; and the Court having reviewed the Motion and the Opposition; and the

Court having determined that the legal and factual bases set forth in the Motion and the Opposition

1437153v.1

1

establish just cause for the relief denied herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefor; it is hereby

ORDERED that the Motion is DENIED; and it is further

ORDERED that this Order shall be immediately effective upon entry; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to interpretation of this Order.


**Signed:**


_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**