## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re:**<br><br>**STEPHANIE HENRY,**<br><br>    *Debtor.* | **Chapter 13**<br><br>**Case No. 13-30519 (DRJ)** |
| **STEPHANIE HENRY, and FRANK PETER DeSANTIS on behalf of themselves and all other similarly situated,**<br><br>    *Plaintiffs,*<br>**v.**<br><br>**EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A.**<br><br>    *Defendant.* | **Adv. Pro. No. 18-03154-(DRJ)** |

## DEFENDANT'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED AND RESTATED COMPLAINT

**TO THE HON. DAVID R. JONES, BANKRUPTCY JUDGE**

   Subject to and waiving its right to arbitration, Education Financial Services[1], a division of

Wells Fargo Bank, N.A. ("Wells Fargo") files the following Answer to Plaintiffs' First Amended

and Restated Complaint (the "Complaint"):

---

[1] In the Complaint, Plaintiff incorrectly states the name as "Educational Financial Services."

## A.      ADMISSIONS AND DENIALS

### PRELIMINARY STATEMENT

The "Preliminary Statement" is an argument and is not a "short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2), and no response is required from Wells Fargo.  To the extent a response is required, Wells Fargo denies the allegations in the "Preliminary Statement."

### PARTIES

1.      With respect to the allegations in paragraph 1, Wells Fargo admits Plaintiff Stephanie Henry ("Henry") is an individual who filed a petition for relief under the United States Bankruptcy Code in 2013 in the United States Bankruptcy Court for the Southern District of Texas and received a discharge in that case in May of 2018.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding Henry's residence.

2.      With respect to the allegations in paragraph 2, Wells Fargo admits Plaintiff Frank Peter DeSantis ("DeSantis") is an individual who filed a petition for relief under the United States Bankruptcy Code in 2019 in the United States Bankruptcy Court for the Southern District of Texas and received a discharge in that case in May of 2019.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding DeSantis's residence.

3.      With respect to the allegations in paragraph 3, Wells Fargo admits solely that it is a business entity and engages in the origination, servicing, and collection of educational debt.

## JURISDICTION AND VENUE

4.      With respect to the allegations in paragraph 4, Wells Fargo states solely that Plaintiffs have linked the filing of this adversary proceeding to Henry's chapter 13 case.

5.      Wells Fargo denies the allegations in paragraph 5.

6.      With respect to the allegations in paragraph 6, Wells Fargo admits solely that Plaintiffs to bring this adversary proceeding under the statutes and rule cited, and denies that Plaintiffs or the class they purport to represent are entitled to relief under those statutes and rule.

7.      Wells Fargo denies the allegations in paragraph 7 in light of Plaintiffs' binding agreement to arbitration of their claims.

## STATEMENT OF FACTS

8.      The allegations in paragraph 8 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  The allegations are too vague, ambiguous, overly broad, and argumentative to permit Wells Fargo to meaningfully respond, and therefore Wells Fargo denies the allegations.

9.      The allegations in paragraph 9 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10.      The allegations in paragraph 10 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11.    The allegations in paragraph 11 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  The allegations are too vague, ambiguous, overly broad, and argumentative to permit Wells Fargo to meaningfully respond, and therefore Wells Fargo denies the allegations.

12.    The allegations in paragraph 12 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo denies the allegations in the final sentence of paragraph 12, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the other allegations.

13.    The allegations in paragraph 13 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo admits solely that the form order of discharge states, in part, that "debts for most student loans" and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14.    The allegations in paragraph 14 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo denies the allegations.

15.    Wells Fargo denies the allegations in paragraph 15 to the extent the allegations purport to pertain to Wells Fargo, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

16.    The allegations in paragraph 16 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo denies the allegations in the first sentence, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17.     The allegations in paragraph 17 do not comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  To the extent a response is required, Wells Fargo states that the allegations are too vague, ambiguous, overly broad and argumentative to reasonably frame a response, and therefore denies the allegations.

18.     Wells Fargo admits the first sentence of paragraph 18, and denies that the Prospectus is completely and accurately quoted.

19.     Wells Fargo denies the allegations in paragraph 19.

20.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     With respect to the allegations contained in paragraph 21 of the Complaint, Wells Fargo admits solely that Henry executed an Educaid Select Access Loan—Application and Promissory Note on or about November 11, 2002, pursuant to which Wachovia Bank of Delaware, National Association advanced a loan in the original principal amount of $6,864 to Henry to be used only for her tuition and other educational expenses at the Ultrasound Diagnostic School - Houston.

22.     Wells Fargo lacks knowledge or information to form a belief about the truth of the allegations in paragraph 22.

23.     Wells Fargo denies the allegations in paragraph 23.

24.     Wells Fargo admits the allegations in paragraph 24.

25.     With respect to the allegations in paragraph 25, Wells Fargo admits solely that Henry scheduled a loan owing to Wells Fargo in the amount of $10,083 which was liquidated, non-contingent, and undisputed.

26.    With respect to the allegations in paragraph 26, Wells Fargo admits solely that it filed a proof of claim in Henry's bankruptcy case on February 14, 2013.

27.    With respect to the allegations in paragraph 27, Wells Fargo admits solely that a portion of its claim was in Henry's bankruptcy case.

28.    Wells Fargo admits the allegations in paragraph 28.

29.    With respect to the allegations in paragraph 29, Wells Fargo admits receipt of a letter dated May 28, 2018, purporting to be from Austin Smith, acting as counsel for Henry, and denies that paragraph 29 contains a complete recitation of the letter's content.

30.    With respect to the allegations in paragraph 30, Wells Fargo admits solely that it sent correspondence to Austin Smith in response to the May 28, 2018 letter referenced in paragraph 29, and denies that paragraph 30 contains a complete recitation of the content of the correspondence.

31.    Wells Fargo denies the allegations in paragraph 31.

32.    Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.    With respect to the allegations in paragraph 33, Wells Fargo admits solely that on September 30, 2014, Arthur P. Wilkelstern ("Winkelstern") as "Student Borrower" and DeSantis as "Cosigner" executed a Wells Fargo Collegiate Loan, Loan Request/Consumer Credit Agreement in the original principal amount of $73,925.00 for educational expenses incurred by Winkelstern to attend ATP Flight School.

34.    With respect to the allegations in paragraph 34, Wells Fargo admits solely that DeSantis cosigned the loan referenced in paragraph 33.

35.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Wells Fargo admits the allegations in paragraph 36.

37.     With respect to the allegations in paragraph 37, Wells Fargo admits solely that DeSantis scheduled an undisputed student loan debt owing to Wells Fargo in the amount of $78,092.

38.     Wells Fargo admits the allegations in paragraph 38.

39.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint.

40.     The allegations in paragraph 40 of the Complaint are too vague and ambiguous to permit Wells Fargo to reasonably frame a response.  To the extent a response is required Wells Fargo denies the allegations.

41.     Wells Fargo denies the allegations in paragraph 41.

42.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45.     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     Paragraph 46 states legal conclusions that Wells Fargo is not required to admit or deny.  To the extent a response is required, Wells Fargo denies the allegations in paragraph 46.

47.    The allegations in paragraph 47 are too vague, ambiguous, overly broad and argumentative to permit Wells Fargo to reasonably frame a response.  To the extent a response is required Wells Fargo denies the allegations.

48.    The allegations in paragraph 48 are too vague, ambiguous, overly broad and argumentative to permit Wells Fargo to reasonably frame a response.  To the extent a response is required Wells Fargo denies the allegations.

49.    The allegations in paragraph 49 are too vague, ambiguous, overly broad and argumentative to permit Wells Fargo to reasonably frame a response.  To the extent a response is required Wells Fargo denies the allegations.

### CLASS ACTION ALLEGATIONS

50.    With respect to the allegations in paragraph 50, Wells Fargo admits solely that Henry and DeSantis purport to bring this adversary proceeding as a class action.  Wells Fargo denies that this adversary proceeding may properly be maintained as a class action.

51.    Wells Fargo admits that paragraph 51 purports to describe a class of individual whom Plaintiffs seek authority to represent.  Wells Fargo denies that such a class can properly be certified.

52.    Paragraph 52 states legal conclusions that Wells Fargo is not required to admit or deny.  To the extent a response is required, Wells Fargo denies the allegations in paragraph 52.

53.    Wells Fargo denies the allegations in paragraph 53.

54.    Wells Fargo denies the allegations in paragraph 54.

55.    Wells Fargo denies this adversary proceeding may properly be maintained as a class action and therefore denies the allegations in paragraph 55.

56.     Wells Fargo denies this adversary proceeding may properly be maintained as a class action and therefore denies the allegations in paragraph 56.

57.     Wells Fargo denies the allegations in paragraph 57.

58.     Wells Fargo denies the allegations in paragraph 58.

59.     Wells Fargo denies the allegations in paragraph 59.

60.     Wells Fargo denies the allegations in paragraph 60.

61.     Wells Fargo denies the allegations in paragraph 61.

62.     Wells Fargo denies the allegations in paragraph 62.

63.     Wells Fargo denies the allegations in paragraph 63.

64.     Wells Fargo denies this adversary proceeding may properly be maintained as a class action and therefore denies the first two sentences of paragraph 64.  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64.

## CLAIMS FOR RELIEF

65.     In reference to Paragraph 65, Wells Fargo incorporates its responses to Paragraphs 1 through 64.

66.     Wells Fargo admits solely that Plaintiffs seek the relief stated in paragraph 66 and denies that Plaintiffs are entitled to that relief.

67.     Wells Fargo admits solely that Plaintiffs seek the relief stated in paragraph 67 and denies that Plaintiffs are entitled to that relief.

68.     In reference to Paragraph 68, Wells Fargo incorporates its responses to Paragraphs 1 through 67.

69.     Wells Fargo denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 are too vague, ambiguous and overly broad to permit Wells Fargo to reasonably frame a response.  To the extent a response is required, Wells Fargo denies the allegations.

71.     The allegations in paragraph 71 are too vague, ambiguous, overly broad and argumentative to permit Wells Fargo to reasonably frame a response.  To the extent a response is required, Wells Fargo denies the allegations.

72.     Wells Fargo admits solely that Plaintiffs seek the relief stated in paragraph 72 but denies that Plaintiffs are entitled to that relief.

## PRAYER

73.     Wells Fargo admits solely that Plaintiffs seek the relief stated in paragraph 73 and its subparts and denies that Plaintiffs are entitled to that relief individually or on behalf of a purported class.

## B.     GENERAL DENIAL

Except as hereinabove admitted, qualified, or otherwise pleaded, Wells Fargo denies each and every matter and thing pled in the Amended Complaint, including all imbedded allegations in captions and paragraph headings, and all relief prayed for in the Prayer for Relief.

## C.     DEFENSES

Without assuming the burden of proof, Wells Fargo asserts the following defenses to Plaintiffs' Complaint, and reserves the right to amend to assert all such other defenses as may become known through discovery:

1.      Plaintiffs' Complaint fails to state a claim on which relief can be granted as to some or all of the claims pleaded and relief prayed for.

2.      Plaintiffs' claims, and the claims of the putative class, for sanctions and/or punitive damages are limited or barred by the U.S. Constitution, the Texas Constitution, and federal and state common law and statutory law.

3.      Plaintiffs, on their own behalf, and on behalf of the putative class, have failed to satisfy one or more conditions precedent to the relief they seek.

4.      Plaintiffs' claims, and the claims of the putative class, are barred or limited by 11 U.S.C. § 523(a)(8).

5.      Plaintiffs' claims, and the claims of the putative class, are barred or limited due to the "fair ground of doubt" regarding whether or not Plaintiffs' student loan debts were discharged. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019).

6.      Some or all of Plaintiffs' claims, and the claims of the putative class, must be dismissed for lack of subject matter jurisdiction.

7.      Plaintiffs' Complaint must be dismissed for improper venue.

8.      Plaintiffs' claims, and the claims of the putative class, are barred by the voluntary payment doctrine.

9.      Plaintiffs' claims, and the claims of the putative class, are barred by waiver in all its forms.

10.     Plaintiffs' claims, and the claims of the putative class, are barred by estoppel in all its forms.

11.     Plaintiffs' claims, and the claims of the putative class, are barred on the grounds they have failed to join all necessary parties to this action.

12.     Plaintiffs' claims, and the claims of the putative class, are barred by unclean hands.

13.     Plaintiffs' claims, and the claims of the putative class, are barred by res judicata.

14.     Plaintiffs' claims, and the claims of the putative class, are barred by laches.

Dated: December 11, 2019.          Respectfully submitted,

                                   /s/ Thomas A. Connop
                                   Robert T. Mowrey
                                     Texas Bar No. 14607500
                                   Thomas A. Connop
                                     Texas Bar No. 04702500
                                   LOCKE LORD LLP
                                   2200 Ross Avenue, Suite 2800
                                   Dallas, Texas 75201
                                   (214) 740-8000 (Telephone)
                                   (214) 740-8800 (Facsimile)
                                   rmowrey@lockelord.com
                                   tconnop@lockelord.com

                                   Bradley C. Knapp
                                     Texas Bar No. 24060101
                                   LOCKE LORD LLP
                                   601 Poydras Street, Suite 2660
                                   New Orleans, Louisiana  70130
                                   (504) 558-5210 (Telephone)
                                   (504) 910-6847 (Facsimile)
                                   bknapp@lockelord.com

                                   Kurt L. Krolikowski
                                     Texas Bar No. 24074548
                                   LOCKE LORD LLP
                                   600 Travis Street, Suite 2800
                                   Houston, Texas  77002
                                   (713) 226-1200 (Telephone)
                                   (713) 223-3717 (Facsimile)
                                   KKrolikowski@lockelord.com

                                   ATTORNEYS FOR DEFENDANT, EDUCATIONAL
                                   FINANCIAL SERVICES, A DIVISION OF WELLS
                                   FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this <u>11th</u> day of December 2019, a copy of the above and foregoing was served either electronically by the Clerk of the Court or by electronic mail to:

Adam Corral
CORRAL TRAN SINGH, LLP
1010 Lamar St., Ste., 1160
Houston, TX 77002

Jason W. Burge
Kathryn J. Johnson
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017

Lynn E. Swanson
JONES, SWANSON, HUDDELL &
GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Joshua B. Kons
LAW OFFICE OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642

George F. Carpinello
Adam R. Shaw
Robert C. Tietjen
BOIES SCHILLER FLEXNER LLP
30 South Pearl St., 11th Floor
Albany, NY 12207

*/s/ Thomas A. Connop*
Thomas A. Connop