UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Bankruptcy No. 13-30519 |
| STEPHANIE HENRY | § § § | CHAPTER 13 |
| Debtor | § | |
| | | |
| STEPHANIE HENRY, and FRANK PETER DeSANTIS on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Adversary No. 18-03154 |
| v. | § § | |
| EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A., | § § § § | |
| Defendant. | § | |

**DEFENDANT EDUCATIONAL FINANCIAL SERVICES' MOTION TO STAY AND TO COMPEL ARBITRATION WITH RESPECT TO PLAINTIFF DeSANTIS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE DAVID R. JONES, BANKRUPTCY JUDGE:**

Defendant Educational Financial Services, a division of Wells Fargo Bank, N.A., ("Wells Fargo"), files this Motion to Stay and to Compel Arbitration (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Federal Rule of Bankruptcy Procedure 7012, and Sections 3 and 4 of the Federal Arbitration Act with respect to Plaintiff Frank Peter DeSantis ("DeSantis") and states as follows:

## I.     INTRODUCTION

Wells Fargo remains mindful of the Court's prior ruling related to arbitration of Plaintiff Stephanie Henry's claims.  (*See* Doc. No. 41).  The Court's opinion was, of course, affirmed by a panel of the Fifth Circuit on October 17, 2019.  However, Wells Fargo has filed a petition for rehearing *en banc*, continues to evaluate further appellate remedies, and asserts that the Fifth Circuit's opinion cannot be reconciled with *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (May 21, 2018).  Like Plaintiff Henry, DeSantis is subject to a broad arbitration agreement with Wells Fargo.  Therefore, while Wells Fargo's appeal remains pending, Wells Fargo asserts this Motion in order to preserve its right to arbitrate.  Wells Fargo further states it will withdraw this Motion upon conclusion of its appeals should the current decision remain in effect.

## II.     FACTUAL BACKGROUND

DeSantis co-signed a "Wells Fargo Collegiate Loan: Loan Request / Consumer Credit Agreement" ("Credit Agreement") dated September 30, 2014.  The borrower under the Credit Agreement, Arthur Winkelstern, obtained the loan to attend ATP Flight School, which DeSantis alleges is not a Title IV accredited institution.  (Doc. No. 88 ¶¶ 32-35).  The Credit Agreement, which is attached hereto as Exhibit A, contains a detailed arbitration clause on page 6, requiring arbitration of any dispute, including "statutory, common law, and equitable claims."  (Ex. A, ¶ P).  The arbitration agreement also includes an express waiver of trial by judge or jury and a waiver of any right to act as a class representative.  (*Id.*).

On January 15, 2019, DeSantis filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in this Court initiating Case No. 19-20010 (the "Bankruptcy Case").  DeSantis scheduled Wells Fargo as an unsecured creditor for a student loan in the amount of $78,092.00.  (Bankr. Doc. 1, Sch. E/F).  DeSantis did not seek or obtain an "undue hardship" discharge of the debt to Wells Fargo.

On May 7, 2019, the Court entered an "Order of Discharge" pursuant to 11 U.S.C. § 727 (the "Discharge Order").  (Bankr. Doc. 16; Doc. 88 ¶ 38).  The Discharge Order specifically notes that "[s]ome debts are not discharged" and provides an example of "debts for most student loans."  (Bankr. Doc. 16).

## III.     ARGUMENTS AND AUTHORITIES

This Court should stay these proceedings and compel arbitration in light of DeSantis' agreement to arbitrate.  Wells Fargo briefed these matters more extensively in its motion to compel arbitration with respect to Ms. Henry but provides an abbreviated discussion below for the Court's convenience.  (*See* Doc. No. 10).

The Fifth Circuit has noted that "the FAA directs courts rigorously to enforce agreements to arbitrate, even if a party opposing arbitration is asserting a statutory claim." *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002) (*citing Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226–27 (1987)). "A court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement." Id. (citing 9 U.S.C. § 3; *McMahon*, 482 U.S. at 226). This Court should find the present dispute subject to arbitration because the Supreme Court's decision in *Epic Systems Corp. v. Lewis* provides no basis to deny arbitration based on an exercise of discretion and because DeSantis broadly agreed to arbitrate any claims related to the Credit Agreement. Moreover, the very question of arbitrability must go to an arbitrator.

**A.      The Court should follow the Supreme Court's opinion in *Epic Systems* and order arbitration.**

The Supreme Court's most recent decision regarding arbitration cannot be squared with Fifth Circuit authority providing discretion to deny arbitrability of bankruptcy-related claims. In *Epic Sys. Corp. v Lewis*, 138 S.Ct. 1612 (May 21, 2018), the Court elaborated on the kind of conflict that must exist between the FAA and another statute, such as the Bankruptcy Code, in order to preclude arbitration of claims under that statute. The Court held that a "party seeking to suggest that two statutes cannot be harmonized, and that one displaces the other, bears the heavy burden of showing a clearly expressed congressional intention that such a result should follow." *Epic Sys.*, 138 S.Ct. at 1624 (citation and internal quotations omitted). "The intention must be 'clear and manifest.'" *Id.* (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)). In approaching a claimed conflict, there is a strong presumption that repeals by implication are disfavored. *Id.*

Contrary to this authority and despite the fact that the Bankruptcy Code contains not a scrap of text to evidence a "clearly expressed congressional intention" regarding arbitration[1], the Fifth Circuit long ago established a discretionary standard for determining the arbitrability of bankruptcy-related disputes. *Epic Sys.*, 138 S.Ct. at 1624; *see In re National Gypsum Co.,* 118 F.3d 1056, 1069 (5th Cir. 1997). In the appeal from this Court's denial of Wells Fargo's prior motion to compel, the Fifth Circuit panel followed *National Gypsum*, indicating it was required to do so under the rule of orderliness. *Henry v. Educational Financial Service, a Division of Wells Fargo Bank, N.A. (In re Henry)*, Case No. 18-20809 at 6 (Oct. 17, 2019). The Fifth Circuit panel found no "unequivocal direction" in *Epic Systems* that would require overturning its precedent. *Id.* at 7. However, Wells Fargo asserts *Epic Systems* leaves no discretion to deny arbitrability of disputes on policy grounds absent a clear Congressional command, and therefore Wells Fargo continues to pursue appellate remedies. DeSantis must submit his claims to arbitration under the Credit Agreement and *Epic Systems*.

**B.     DeSantis agreed to arbitrate this dispute.**

In determining whether parties must arbitrate a dispute, a court should evaluate whether the parties have agreed to arbitration and, if so, whether "any federal statute or policy renders the claims non-arbitrable." *Sherer v. Green Tree Serv., LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (citation and internal quotations omitted). Here, there is no question DeSantis agreed to arbitrate any "Dispute" under the plain language of the Credit Agreement. Ex. A, ¶ P.

---

[1] *See Whiting-Turner Contracting Co. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.)*, 479 F.3d 791, 796 (11th Cir. 2007); *Mintze v. Am. Gen. Fin. Servs., Inc. (In re Mintze)*, 434 F.3d 222, 231 (3d Cir. 2006).

**C.   Any question about the scope of the arbitration agreement or the arbitrability of any claim should itself be presented to an arbitrator.**

Under the FAA, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* at 70.

"Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute. . . , so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (citations omitted).  In *Kubala v. Supreme Production Services, Inc.*, 830 F.3d 199 (5th Cir. 2016), the Fifth Circuit provided an in-depth explanation of who decides what issues when a contract includes an arbitration provision.  The court reasoned that the enforcement of an arbitration agreement involves two analytical steps:  first, the question of contract formation—"whether the parties entered into any arbitration agreement at all," *id.* at 201 (emphasis omitted); and second, a question of contract interpretation—the determination whether a "claim is covered by the arbitration agreement." *Id.*  Where an arbitration agreement contains a delegation clause, the second analytical step is for the arbitrator, not the court.  *Id.*  Courts, however, "will not assume that the parties agreed to arbitrate arbitrability '[u]nless the parties clearly and unmistakably provide otherwise.'"  *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, (1986)).  Incorporating rules from an arbitration

service provider that, in turn, delegate the question of arbitrability to the arbitrator clearly and unmistakably expresses the parties' intent to leave the question of arbitrability to the arbitrator. *Petrofac*, 687 F.3d at 675.

Here, the Credit Agreement provides that arbitration shall proceed in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Ex. A. The rules of the AAA provide that the arbitrator is to decide questions of arbitrability. AAA Commercial Arbitration Rule 7; *see also* AAA Consumer Arbitration Rule 14(a). Additionally, the arbitration agreement itself requires that "the Arbitrator shall decide any dispute regarding the enforceability of this Arbitration Agreement." (Ex. A ¶ P(2)). Therefore, any dispute over arbitrability must go to an arbitration panel.

WHEREFORE, Wells Fargo respectfully prays that this Court enter an order compelling arbitration with respect to DeSantis, and grant Wells Fargo such other relief in equity or law to which it shows itself entitled.

Dated: December 11, 2019.    Respectfully submitted,

*/s/ Thomas A. Connop*
Robert T. Mowrey
  Texas Bar No. 14607500
Thomas A. Connop
  Texas Bar No. 04702500
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com
tconnop@lockelord.com

Bradley C. Knapp
  Texas Bar No. 24060101
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana  70130
(504) 558-5210 (Telephone)
(504) 910-6847 (Facsimile)
bknapp@lockelord.com

Kurt L. Krolikowski
  Texas Bar No. 24074548
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas  77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)
KKrolikowski@lockelord.com

*ATTORNEYS FOR DEFENDANT, EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of December 2019, a copy of the above and foregoing was served either electronically by the Clerk of the Court or by electronic mail to:

Adam Corral
CORRAL TRAN SINGH, LLP
1010 Lamar St., Ste., 1160
Houston, TX 77002

Jason W. Burge
Kathryn J. Johnson
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600

Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017

Lynn E. Swanson
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

Joshua B. Kons
LAW OFFICE OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642

George F. Carpinello
Adam R. Shaw
Robert C. Tietjen
BOIES SCHILLER FLEXNER LLP
30 South Pearl St., 11th Floor
Albany, NY 12207

*/s/ Thomas A. Connop*
Thomas A. Connop