UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> STEPHANIE HENRY, § <br> § <br> Debtor. § <br> § <br> § <br> STEPHANIE HENRY, and FRANK PETER § <br> DeSANTIS on behalf of herself and all § <br> others similarly situated, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> EDUCATIONAL FINANCIAL SERVICES, § <br> A DIVISION OF WELLS FARGO BANK, § <br> N.A, § <br> § <br> Defendant. § | Chapter 13 <br><br> Case No. 13-30519 (DRJ) <br><br><br><br><br> Adv. Pro. No. 18-03154 (DRJ) <br><br><br><br> **CLASS ACTION** |

**MEMORANDUM IN OPPOSITION TO MOTION TO STAY
AND TO COMPEL ARBITRATION WITH RESPECT TO PLAINTIFF DeSANTIS**

Plaintiffs, Stephanie Henry and Frank Peter DeSantis ("Plaintiffs"),[1] respectfully submit this memorandum in opposition to the Motion to Stay and to Compel Arbitration with respect to Plaintiff DeSantis (R. Doc. 92) filed by Defendant Educational Financial Services, a division of Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo").

---

[1] Plaintiffs appear both individually and on behalf of all similarly situated individuals who have filed for bankruptcy in the various district courts of the United States and were issued discharge orders since October 17, 2005, who: (1) before filing for bankruptcy, obtained private Consumer Education Loans from Defendant or its predecessors in interest that were not made under any program funded by a non-profit institution to cover expenses at ineligible institutions as that term is defined in 11 U.S.C. § 523(a)(8)(B) and 26 U.S.C. § 221(d); (2) have never reaffirmed any such pre-petition private Consumer Education Loan; and (3) have nonetheless been subjected to Defendant's policy of attempting to induce payment and/or Defendant's successful inducement of payment on these discharged Consumer Education Loans ("Class Members").

1

**INTRODUCTION**

The issues in this motion have already been resolved by this Court and affirmed on appeal as they relate to the other named Plaintiff, Stephanie Henry. *See* R. Doc. 41. That legal decision—that this Court has the discretion to refuse to compel arbitration in this case if arbitration would be inconsistent with the purposes of the Bankruptcy Code, and that indeed arbitration of these claims would conflict with the purposes of the Bankruptcy Code—is now law of the case.

> The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case. Therefore, an issue of law decided on appeal may not be reexamined by the district court on remand or by the appellate court on a subsequent appeal.[2]

Following the Fifth Circuit's opinion affirming this Court's prior ruling on arbitration, Wells Fargo filed the instant motion. Shortly thereafter, the Fifth Circuit denied Wells Fargo's *en banc* petition. Plaintiffs conferred with Wells Fargo's counsel and requested that Wells Fargo withdraw its motion in light of the Fifth Circuit's decision, but the parties agreed only to defer the date for a response to the motion. In the meantime, the Fifth Circuit's mandate was released. Plaintiffs have again asked Wells Fargo whether they would withdraw the motion, but Wells Fargo indicated they could only agree to further extend the date for responding. At this point, however, there is no further reason to delay the resolution of this motion.

Indeed, Wells Fargo states in its motion that "it will withdraw this Motion upon conclusion of its appeals should the current decision remain in effect." With the Fifth Circuit's mandate issuing, those appeals have been concluded. Even if Wells Fargo intends to file a cert petition to

---

[2] *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (citations omitted).

2

the United States Supreme Court, Wells Fargo has taken no action to stay the Fifth Circuit's mandate pending that cert petition. This motion is now ripe for resolution.

For the reasons expressed in this Court's prior opinion, the Fifth Circuit's opinion, and Plaintiffs' opposition to Wells Fargo's motion to stay the claims of Stephanie Henry, which will only be briefly summarized below, this Court should deny the instant motion.

### BACKGROUND

Mr. DeSantis's brother, Arthur P. Winkelstern, borrowed a private educational loan to attend the ATP Flight School.[3] Mr. DeSantis co-signed this loan.[4] That school was not and is not a Title IV accredited institution, accordingly, this Loan is not a qualified educational loan.[5]

On January 15, 2019, DeSantis filed for relief under the Bankruptcy Code as a Chapter 7 debtor in this Court.[6] He properly scheduled the above-referenced Loan. On May 7, 2019, this Court entered a discharge order in his case.[7] Shortly after he received his discharge, DeSantis began getting calls from Wells Fargo seeking to collect on this Loan.[8] DeSantis informed Wells Fargo that his debt had been discharged, but the calls continued.[9]

As with DeSantis and Henry, based on information and belief, Wells Fargo has also sought to collect on discharged Consumer Education Loans from the putative Class Members, all of whom borrowed various types of consumer educational loans to attend unaccredited colleges, secondary schools, trade schools, and professional skills programs, and have since been issued discharge orders from various bankruptcy courts.

---

[3] *See* First Amended Complaint, R. Doc. 88, at ¶ 33.
[4] *Id.* at ¶ 34.
[5] *Id.* at ¶ 35.
[6] *Id.* at ¶ 36.
[7] *Id.* at ¶ 37.
[8] *Id.* at ¶ 39.
[9] *Id.* at ¶¶ 39-40.

1507736v.1

**LEGAL ANALYSIS**

Mr. DeSantis adopts the arguments raised by Ms. Henry in the opposition to the prior motion and directs this Court to its prior ruling in R. Doc. 41 and the Fifth Circuit's affirmance in *Matter of Henry*, 944 F.3d 587, 589 (5th Cir. 2019). The legal issues in this motion are identical to the issues raised in the motion to stay the claims of Ms. Henry, which this Court previously denied and the Fifth Circuit affirmed on appeal. Wells Fargo has not even tried to distinguish Mr. DeSantis' situation from Ms. Henry's. The law of the case doctrine bars reconsideration of this issue.

To briefly address the specific arguments raised by Wells Fargo in its motion:

(A) This Court's prior decision and the Fifth Circuit's decision in *Matter of Henry* addressed the application of *Epic Systems* and found that this Court still had discretion to refuse to compel arbitration. *See Matter of Henry*, 944 F.3d 587, 591 (5th Cir. 2019) ("Far from unequivocally directing us to overrule *National Gypsum*, *Epic Systems* shows that *National Gypsum*'s doctrinal foundation, i.e., *McMahon*, remains sound.").

(B) Regardless of any agreement between DeSantis and Wells Fargo, this Court previously recognized that "EFS's obligation to comply with the Court's discharge order and the statutory injunction provided under 11 U.S.C. § 524 is not, and cannot be, part of a contractual negotiation between private parties." R. Doc. 41 at 3.

(C) Because this Court has authority to decline to enforce the arbitration clause, and indeed has done so previously in this very case, the scope of the arbitration clause and the arbitrability of DeSantis's claim are irrelevant.

4

1507736v.1

**CONCLUSION**

For these reasons, as well as the reasons expressed in Ms. Henry's prior opposition to an identical motion (R. Doc. 21), this Court's prior ruling on an identical motion (R. Doc. 41), and the Fifth Circuit's opinion in *Matter of Henry*, Wells Fargo's motion to stay this action and compel arbitration should be denied.

Dated: February 3, 2020.                                Respectfully submitted,


By:    */s/ Jason W. Burge*

Adam Corral
SBN (TX) 24080404
Corral Tran Singh, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
Adam.corral@ctsattorneys.com

Jason W. Burge (*pro hac vice*)
SBN (LA) 30420
Kathryn J. Johnson (*pro hac vice*)
SBN (LA) 36513
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
(504) 586-5252
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

Austin Smith (*pro hac vice*)
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

Lynn E. Swanson (*pro hac vice*)
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

(504) 523-2500
Lswanson@jonesswanson.com

Joshua B. Kons (*pro hac vice*)
SBN (IL) 6304853
LAW OFFICE OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
(312) 757-2272
joshuakons@konslaw.com

George F. Carpinello
SBN (NY) 1652684
Adam R. Shaw
SBN (NY) 2587467
Robert C. Tietjen
SBN (NY) 4113700
BOIES SCHILLER FLEXNER LLP
30 South Pearl St., 11th Floor
Albany, NY 12207
(518) 434-0600
gcarpinello@BSFLLP.com
adamshaw@BSFLLP.com
rtietjen@BSFLLP.com

*Counsel to Stephanie Henry and Frank Peter DeSantis*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of February, 2020, a true and correct copy of *Plaintiff's Opposition to Motion to Stay and to Compel Arbitration with Respect to Plaitniff DeSantis* was served via that Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

/s/ *Jason W. Burge*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> STEPHANIE HENRY, <br><br> Debtor. | § § § § § § § § Chapter 13 <br><br> Case No. 13-30519 (DRJ) |
| STEPHANIE HENRY, and FRANK PETER DeSANTIS on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EDUCATIONAL FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A, <br><br> Defendant. | § § § § § § § § § § § § § § § § Adv. Pro. No. 18-03154 (DRJ) <br><br><br> **CLASS ACTION** |

**[PROPOSED] ORDER DENYING MOTION TO STAY
AND TO COMPEL ARBITRATION WITH RESPECT TO FRANK DESANTIS BY
DEFENDANT EDUCATIONAL
FINANCIAL SERVICES, A DIVISION OF WELLS FARGO BANK, N.A.**

Upon consideration of the Motion to Stay and to Compel Arbitration and, alternatively, to Dismiss Complaint (the "Motion") filed by Educational Financial Services, a division of Wells Fargo Bank, N.A. ("Defendant") for entry of an order (i) compelling Frank DeSantis ("Plaintiff") to submit his dispute to arbitration, and (ii) staying this action pending arbitration; and upon consideration of the Plaintiff's Opposition to Motion to Stay and to Compel Arbitration with Respect to Frank DeSantis (the "Opposition"); and the Court having jurisdiction to consider the Motion and the Opposition pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and the Court having reviewed the Motion and

the Opposition; and the Court having determined that the legal and factual bases set forth in the Motion and the Opposition establish just cause for the relief denied herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefor; it is hereby

ORDERED that the Motion is DENIED; and it is further

ORDERED that this Order shall be immediately effective upon entry; and it is further

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to interpretation of this Order.

**Signed:**

---
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**